By the Court, Nelson, Ch. J.
I am of opinion that the plea constitutes no bar to the action. The statute prescribing *582 and regulating the duties and obligations of executors and administrators, virtually allows them eighteen months after letters testamentary or of administration, to settle the estate, for the purpose of securing more effectually the leading feature of the new system, to wit, a pro rata distribution of the assets among the creditors in case of a deficiency. This is the legal effect of the several sections in the 2d and 3d articles of the revised statutes relating to the payment of debts ,&c., and the making of distribution by executors and administrators. (2 R. S. 27, 2d ed.; id. 32.) They cannot be compelled to render their accounts, nor can they voluntarily render them before the surrogate agreeably to these articles, until after the expiration of the period mentioned. (Id. 32, § 52; id. 35, § 70.)
But power is conferred upon the surrogate to inquire into the condition of the assets short of this period, at. the instance of a creditor; and if they are found sufficient and available, the surrogate may direct the payment of the debt, or a proportional part of it, as the state of the assets at the time shall seem to warrant. This was the object of the provision mainly relied on to sustain the plea in question. (Id. 52, § 18; see also §§ 20 to 23.)
True, the validity of the demand thus presented must be incidentally involved, as the surrogate is to be first satisfied that it is an existing debt against the estate, before directing the appropriation of the assets in payment of it; and he may doubtless deny the application on the ground that the demand is not sufficiently established, leaving the creditor to his legal remedy by suit, or by reference under the statute. (Id. 29, §§ 35 to 38.) Such denial, however, will not be conclusive upon the creditor, its only effect being to deprive him of the possibility of anticipating payment before the expiration of the eighteen months, or before he has established his debt in due course of law.
. We have heretofore had these several provisions incidentally under consideration, and then entertained and expressed an opinion as to the object and effect of them in coincidence with *583 what is now more formally declared. (Butler v. Hempstead’s adm’rs, 18 Wend. 666, 668, 9.)
Judgment for the plaintiff.(a)

 See Hibshman v. Dulleban, (4 Watts’ Rep. 183.)